W. M. CAMPBELL v. H. DENNIS ET AL.

(No. 277.)

ATTORNEY'S FEE.—Attorney entitled to pay for work done.

APPEAL from Grayson county. Opinion by WATTS, J.

STATEMENT.— Campbell sued appellees upon a note for $500, dated June 9, 1877, due on or before the 1st of De-

cember next thereafter, and payable to Campbell & Boswell or bearer. Appellees answered admitting the execution of the note, and that they had employed Campbell & Boswell, attorneys, to prosecute for them an appeal in suit wherein —— —— was plaintiff and appellees were defendants, and in which a judgment had been rendered against them in the district court of Grayson county, and in which a motion for new trial had been overruled and notice of appeal given; that the agreement between the parties was that if Campbell & Boswell prosecuted the appeal then appellees were to pay them the $500 (for which note was given), but if the appeal was not prosecuted then the appellees were to pay so much as Campbell & Boswell's services were reasonably worth; that on the day of the date of the note they compromised the case, and no services were rendered and no appeal prosecuted by Campbell & Boswell, who had advised a compromise, and therefore appellees owed them nothing; also, that if the note evidenced any other than the agreement asserted above, then it was procured by the fraud of Campbell & Boswell, etc.

Also that Campbell had abandoned the prosecution of the appeal, as shown by his letter to appellee McDonald, dated March 13, 1878, and refused to prosecute it further. That appellees G. W. and W. W. Aldridge and Harrison Dennis say that on the day the note was executed they compromised the case with the consent of Campbell & Boswell and released them from further prosecuting the appeal. Appellant replied denying these averments, etc. Case tried September 27, 1879, and a verdict returned and judgment rendered for appellees. The errors assigned are as to the admission of evidence and in the charge of the court.

OPINION.— There is no basis in the pleadings for the admission of the evidence shown by appellant's bill of exceptions. The averments in the answer are that appellees were to pay Campbell & Boswell the sum of $500 for pros-

ecuting the appeal, and if the appeal was not prosecuted then so much as their services were reasonably worth. From the evidence in the record it appears that prior to the date of the letter appellant had perfected the appeal in cause No. 3,185 by filing an appeal bond and assignment of errors, and had procured the transcript to be made and had also made his brief. Then, considering the letter with reference to these facts, its legal effect is not that given by the court in its charge to the jury.

Appellants had perfected the appeal and placed it in an attitude to be prosecuted. The note was over-due, and they had not paid any part of it.

Then, it seems to us, that the effect of the letter is a demand upon appellees to comply with their part of the agreement, accompanied with the proposition that, if they desired to abandon the appeal, then they were to pay him for the reasonable value of the services rendered, which he fixed or estimated at $150.

We are of the opinion that the court erred in the charge to the jury as to the legal effect of the letter.

For errors indicated, judgment reversed and cause remanded.

REVERSED AND REMANDED.